**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

FILED

AUG 2 4 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

MICHAEL F. BELL,

      **Plaintiff,**

      **v.**                                  **CIVIL NO. 4:11cv60**

**UNITED STATES OF AMERICA,**

      **Defendant.**


## OPINION AND ORDER

In the instant action, Plaintiff Michael F. Bell ("Plaintiff") seeks to sue the United States

under the Federal Tort Claims Act (FCTA), 28 U.S.C. 2671 et seq., based on allegedly negligent

medical care provided to Plaintiff at the Hampton VA Medical Center ("VA Medical Center") in

Hampton, Virginia.   This matter is before the Court on a Motion to Dismiss filed by the United

States on June 20, 2011, pursuant to Federal Rule of Civil Procedure 12(b)(1).   For the reasons set

forth below, the Court will grant Defendant United States' Motion to Dismiss.


I.  Background

      Plaintiff's Complaint alleges that he was discharged from the United States military in

1971, and at the time of his discharge was diabetic.   Since that time, he has been treated at the VA

Medical Center for his service-related diabetes.   On or about June 21, 2006, he was treated by Dr.

Richard T. Deaton, M.D., a staff physician at the VA Medical Center.   Plaintiff alleges that on this

date Dr. Deaton negligently altered the dosage of his diabetes medication, Glipizide, to a level that

exceeded the proper dose.   Plaintiff further alleges that "as a direct and proximate result of the

increased dose," he went into diabetic shock on August 8, 2006.   He also claims that the increased

dose of Glipizide directly and proximately caused or exacerbated his valvular heart disease.

Plaintiff filed his Complaint on April 6, 2011.   On June 20, 2011, the United States filed a

Motion to Dismiss for Lack of Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).   This motion has

been fully briefed and is ripe for adjudication.


II. Analysis

The FCTA is jurisdictional in nature, therefore the Court is required to consider whether

the facts of this case bring it within the statute.   When resolving a motion to dismiss under Fed. R.

Civ. P. 12(b)(1), the Court is under no duty to accept the factual allegations of the Complaint as

true.   Thigpen v. U.S., 800 F.2d 393, 396 (4th Cir. 1986), overruled on other grounds, Sheridan v.

United States, 487 U.S. 392 (1988).   Moreover, the Court is free to consider facts outside the

Complaint to determine whether jurisdiction is proper.   Williams v. U.S., 50 F.3d 299, 304 (4th

Cir. 1995).   If subject matter jurisdiction is challenged under Rule 12(b)(1), the burden of

persuasion is on the plaintiff because "[t]he party who sues the United States bears the burden of

pointing to . . . an unequivocal waiver of immunity."   Id. (citing Holloman v. Watt, 708 F.2d

1399, 1401 (9th Cir. 1983), cert. denied, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984).

Although sovereign immunity bars lawsuits against the United States, Congress expressly

waived that immunity under the FCTA.   The FCTA, however, is a limited waiver of immunity,

and is strictly construed in favor of the sovereign.   Robb v. U.S., 80 F.3d 884, 887 (4th Cir. 1996).

Under the FCTA, sovereign immunity is waved specifically with regard to "injury or loss of

property, or personal injury or death caused by the negligent or wrongful act or omission of any

employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA does not create new causes of action. Rather, it "serves to convey jurisdiction when the alleged breach of duty is tortious under state law, or when the Government has breached a duty under federal law that is analogous to a duty of care recognized by state law." Medina v. U.S., 259 F.3d 220, 223 (4th Cir. 2001) (citing Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 969 (4th Cir. 1992)). Since the alleged negligence occurred in Virginia, Virginia law governing medical malpractice suits applies.

Under Virginia law, prior to serving process in a malpractice suit, a plaintiff is required to "obtain[] from an expert witness whom the plaintiff reasonably believes would qualify as an expert witness . . . a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, the defendant for whom service of process has been requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." Va. Code § 8.01-20.1. Failure to comply with this requirement creates grounds for dismissal of the case. Id.; Parker v. U.S., 475 F.Supp.2d 594, 596 -597 (E.D.Va. 2007). There is one statutory exception to this requirement—under the law an expert certification is not required "if the plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Id.

Virginia law further provides that "[u]pon written request of any defendant, the plaintiff shall, within 10 business days after receipt of such request, provide the defendant with a certification form that affirms that the plaintiff had obtained the necessary certifying expert

opinion at the time service was requested or affirms that the plaintiff did not need to obtain a certifying expert witness opinion." Pursuant to this section of the code, on May 31, 2011, the United States requested via letter that Plaintiff provide a copy of the certification form affirming that he had obtained a qualifying expert opinion at the time he requested service of process. On June 9, 2011, the Plaintiff refused the request, alleging that a certification did not exist and was not required "because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience where expert testimony is unnecessary."

The Plaintiff is bound by Virginia's certification requirement. It is undisputed that he failed to provide an expert certification of merit prior to serving process on the United States. However, Plaintiff argues that expert testimony is unnecessary in this case because the alleged act of negligence is within the range of a layman's common knowledge and experience.

This exception to the certification requirement "applies only in 'rare instances' because only rarely do the alleged acts of medical negligence fall within the range of a jury's or factfinder's common knowledge and experience." Parker, 475 F.Supp.2d at 597 (citing Beverly Enterprises-Virginia v. Nichols, 247 Va. 264, 267, 441 S.E.2d 1 (1994)). Plaintiff has not demonstrated that this case involves one of those "rare instances."

In order to successfully plead a claim for medical malpractice under Virginia law, Plaintiff must establish (1) the applicable standard of care, (2) a breach of that standard of care, and (3) that this breach proximately caused plaintiff's injuries. Id. (citing Bryan v. Burt, 254 Va. 28, 34, 486 S.E.2d 536 (1997)). It is well-established under Virginia law that "expert testimony is ordinarily necessary" to demonstrate these elements. Id. (citing Raines v. Lutz, 231 Va. 110, 113, 341 S.E.2d 194 (1986)). Further, when a Plaintiff calls into question a quintessential professional medical judgment, the matter "can be resolved only by reference to expert opinion testimony."

Parker, 475 F.Supp.2d at 597 (citing Callahan v. Cho, 437 F.Supp.2d 557, 563 (E.D.Va. 2006)).

Plaintiff argues that under his theory of liability, Dr. Deaton merely misunderstood the dose of Glipizide Plaintiff had previously been prescribed, believing that Plaintiff had been taking 20 mg a day of the drug rather than 5 mg per day. He then allegedly issued a new 20 mg prescription as a result of that misunderstanding. Based on this theory, Plaintiff asserts that Dr. Deaton did not exercise professional medical judgment in this case—in effect "he did not increase the dosage based on judgment, but rather based upon his negligence in not knowing what the current dosage had been."

Regardless of whether Dr. Deaton misunderstood the dosage as alleged, his professional judgment is still implicated. There has been no showing of what steps Dr. Deaton took to verify the dose of Glipizide Plaintiff had previously been prescribed, and the standard of care regarding such verification is not within the common knowledge and experience of the layman. Further, the general standard of care for treating diabetic patients with Glipizide is not within the common knowledge and experience of a layman. Accordingly, a layman would not be aware of whether the dose prescribed by Dr. Deaton breached that standard, whether or not it resulted from ignorance or misunderstanding of his previously prescribed dose. Neither would a layman have the knowledge and experience to determine whether Plaintiff's diabetic shock and valvular failure were a proximate cause of the amount of Glipizide prescribed to him by Dr. Deaton.

Plaintiff's allegation of negligence implicates Dr. Deaton's professional judgment. It also requires determinations of the applicable standard of care, whether breach of that standard occurred, and whether that breach proximately caused plaintiff's injuries. None of these elements are within the common knowledge and experience of a lay fact finder. Therefore, under Virginia law, an expert witness certification is required. Since Plaintiff failed to obtain a certification prior

to serving process on the United States, his claim must be dismissed until such time as one may be obtained.

III. Conclusion

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Dismiss with respect to its claim that the Court lacks the subject matter jurisdiction under the FCTA to hear this case. Accordingly, the Complaint against the United States of America is hereby **DISMISSED** without prejudice. The Court hereby **GRANTS** Plaintiff leave to refile a Complaint in accordance with this Order and the requirements of Va. Code § 8.01-20.1. if he so desires, provided he files said Complaint within 21 days of the date hereof.

The Clerk is **DIRECTED** to deliver a copy of this Opinion and Order to all Counsel of Record in this case.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 23, 2011